UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FELICIA RODRIGUEZ, an individual

       Plaintiff,

v.                               Case No:  2:13-cv-452-FtM-29CM

ESTERO FIRE RESCUE and
SCOTT VANDERBROOK,

       Defendants.

_____

## ORDER

Before the Court is Plaintiff's Opposed Motion for Sanctions and Incorporated Memorandum of Law, or, in the Alternative, Motion to Allow Plaintiff to Conduct Additional Discovery (Doc. 34), filed on June 6, 2014.  Defendants' Memorandum of Law in Opposition to Plaintiff's Motion for Sanctions or to Permit Additional Discovery (Doc. 36) was filed on June 17, 2014.  This matter has been fully briefed and is therefore ripe for review.

Plaintiff filed her Complaint (Doc. 1) on June 14, 2013 alleging violations of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, the Florida Civil Rights Act of 1992 and 42 U.S.C. § 1981 via 42 U.S.C. § 1983 for unlawful disability discrimination, gender discrimination and national origin discrimination by both Defendants Estero Fire Rescue and Scott Vanderbrook.  Doc. 1.  Plaintiff now requests that the Court impose sanctions for Defendants' withholding of five

witness declarations until the final day of the discovery period.[1]   In the alternative, Plaintiff seeks an additional forty-five (45) days during which to complete discovery.

Plaintiff argues that Defendants' decision to withhold the five witness declarations until the June 6, 2014 discovery deadline despite obtaining them on April 17, 2014 was prejudicial and that the imposition of sanctions is warranted under Rule 37, because Defendants' failure to comply with their Rule 26 obligations was not substantially justified or harmless.   Doc. 34 at 3-4.   Defendants state that they believed the documents were subject to privilege and argue that the belated disclosure was harmless because four of the five witnesses were previously listed by Plaintiff as people with knowledge of Defendants' alleged harassing or discriminatory conduct.[2]   Doc. 36 at 4, 6.   Defendants further state that the declarations were not untimely because they were disclosed within the discovery period.   *See id.* at 4, 8.

According to documents provided to the Court by Defendants, Plaintiff first identified two of the five witnesses, Roberto Medina and Laura Whelan, as people having relevant knowledge when she provided a list to the Lee County Office of Equal Opportunity on March 30, 2012 in conjunction with filing her charge of discrimination against Defendant.   Doc. 36-1.   Plaintiff also listed Roberto Medina as having knowledge of Defendants' discriminatory conduct in her Rule 26(a)(1)(A) disclosures served on September 13, 2013.   Doc. 36-2 at 2.   On January 10, 2014, Plaintiff

---

[1] Plaintiff does not identify the five witnesses.   Defendants' response identifies the declarations as those of Roberto Medina, David "John" McDougall, Laura Whelan, Eliel Blanco and Michael Maradona.   Doc. 36 at 3.

[2] Defendants argue that the fifth witness was also listed as a witness by Plaintiff when she generally listed all past and present Estero Fire Rescue employees.

served amended responses to Defendants' Interrogatories in which she identified four of the five witnesses, John McDougal, Eliel Blanco, Laura Whelan and "Robert" Medina, as having "knowledge of EFR's discriminatory and/or harassing conduct." Doc. 36-3.

In May 2014, Plaintiff scheduled the depositions of six witnesses, including Eliel Blanco, John McDougall and Roberto Medina, to take place on June 5, 2014, the day before the close of discovery.   Docs. 36-4, 36-5.   On June 4, 2014, two days before the discovery deadline, Plaintiff canceled the depositions of Roberto Medina and John McDougall but confirmed that she intended to depose Eliel Blanco.   Doc. 36-6.   Mr. Blanco was improperly served with a subpoena two days before his scheduled deposition and therefore did not appear.   Doc. 36 at 3.   Plaintiff provided Defendants with affidavits of Roberto Medina and John McDougall on June 5, 2014, and Defendants served the five witness declarations at issue on June 6, 2014, the final day of discovery.

Rule 26(e)(1), Federal Rules of Civil Procedure requires a party who has made a disclosure under Rule 26(a) to supplement that disclosure in a timely manner if the party learns that the prior disclosure is materially incomplete or incorrect and if the additional information has not otherwise been made known during the discovery process.   Fed. R. Civ. P. 26(e)(1)(A).   Rule 37 provides for sanctions in the event of noncompliance with Rule 26(a) or (e): If a party fails to disclose information or supplement its prior disclosures, the party may be precluded from using that information or witness to support motions or hearings or at trial unless the failure

was substantially justified or harmless.   Fed. R. Civ. P. 37(c)(1).   The Advisory Committee Notes to Rule 37 include "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties" and "the failure to list as a trial witness a person so listed by another party" as examples of "harmless" conduct.   Fed. R. Civ. P. 37(c) advisory committee notes (1993).

The court has broad discretion in determining whether a party's failure to disclose discovery materials is either substantially justified or harmless.   *Engle v. Taco Bell of Am., Inc.*, No. 8:09-cv-2102-T-33TBM, 2011 WL 883639, at *1 (M.D. Fla. Mar. 14, 2011).   "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party."   *Mitchell v. Ford Motor Co.*, 318 Fed. Appx. 821, 824 (11th Cir. 2009) (quotation marks omitted). When determining whether a failure was substantially justified or harmless, reviewing courts consider the non-disclosing party's explanation for the failure, the importance of the information and whether the opposing party is prejudiced by the discovery violation.   *Lips v. City of Hollywood*, 350 Fed. Appx. 328, 340 (11th Cir. 2009) (citing *Romero v. Drummond Co.*, 552 F.3d 1303, 1321 (11th Cir. 2008)).

In *Burden v. City of Opa Locka*, the plaintiff opposed a motion for summary judgment on the grounds that affidavits offered by the defendant in support of that motion were not disclosed during discovery despite plaintiff's request.   No. 11-22018-CIV, 2012 WL 4764592, at *6 (S.D. Fla. Oct. 7, 2012).   The court found that the defendant's failure to produce the affidavits was harmless because the identities of four of the five affiants were contained not only in the defendant's Rule 26(a)(3)

witness list but were also listed in the plaintiff's own Rule 26(a)(3) witness list as witnesses plaintiffs intended to call.   *Id.* at *7.   The court explained:

> To the extent that Plaintiffs knew two months prior to the execution of the affidavits and more than two months before the close of discovery that these four individuals would be witnesses called by the Defense, Plaintiffs cannot credibly claim that they did not have an opportunity to depose these individuals . . . .

*Id.*   In *Federal Trade Commission v. Peoples Credit First, LLC, et al.*, the plaintiff requested that the Court strike witness declarations due to their belated disclosure. No. 8:03-cv-2353-T-17TBM, Doc. 395 (M.D. Fla. July 26, 2005).   The Court noted that under Rule 26, the witnesses "could have and should have been disclosed and Defendants offer no acceptable justification for their failure to do so."   Doc. 395 at 3. The Court declined to strike the declarations, however, stating:

> While it appears correct that the Defendants did not identify these witnesses until after the close of discovery, it also appears that both witnesses were well known to the Plaintiff, and, in fact, were listed by the Plaintiff in its own Rule 26(a)(1) disclosures. Further, Plaintiff submitted a declaration by [one of the witnesses] in support of its motion for summary judgment. In these circumstances, it appears that these individuals were well known to the Plaintiff and the Defendants, and, more importantly, were equally available to all parties for their investigation. Thus, the alleged inadequate or late disclosure of these two witnesses by Defendants is harmless and certainly does not merit the wholesale striking [of] their declarations.

Doc. 395 at 3-4.

In *Swofford v. Eslinger*, the court denied a plaintiff's motion for Rule 37 sanctions where the opposing party was late to produce certain discovery but the

disclosure still occurred before the discovery deadline.   No. 6:08-cv-66-Orl-35DAB, 2009 WL 1025223, at *2 (M.D. Fla. Apr. 14, 2009).   The Court stated:

> To the extent this discovery was belated, even if the late disclosure was due to inexcusable neglect, the fact remains that the Plaintiffs received the discovery before the deadline, and failed to make a timely motion to either extend the discovery deadline or otherwise remedy any claimed prejudice resulting from the belated production.

*Id.*[3]   As in the instant case, the court in *Swofford* noted that counsel for defendants represented that they had offered to make a defendant available to be re-deposed, but Plaintiff's counsel chose not to do so.[4]   *See id.* at n.4.   The court also explained that the Rules require parties to supplement and therefore "supplementation is *not* per se evidence of bad faith intent to sandbag the other side.   Mere belated production, even seriously late production, does not automatically equal a showing of an intent to subvert discovery."   *Id.* at n.3 (emphasis in original).

Although the prudent course of action for Defendants would have been to disclose the declarations or provide a privilege log enabling Plaintiff to evaluate Defendants' claim of privilege, the Court finds that the belated disclosure is harmless. Plaintiff offers no evidence that the disclosure of these affidavits on the final day of the discovery period was prejudicial,[5] and Plaintiff knew that these witnesses had

---

[3] The Court notes that here, unlike in *Swofford*, Plaintiff filed the instant motion seeking an extension of the discovery deadline on the final day of the discovery period.   For the reasons discussed *infra* the Court does not find such an extension warranted.

[4] Defendants represent that they offered to make the five witnesses available for depositions if Plaintiff would also make available the witness whose affidavit Plaintiff disclosed on the final day of discovery, but Plaintiff declined.   Doc. 36 at 3-4.

[5] Notably, Plaintiff also produced an affidavit on the final day of the discovery period after receiving the five declarations from Defendants.   *See* Doc. 36 at 3.

relevant information well in advance of the discovery deadline.   As Defendants correctly point out, Plaintiff did not schedule any depositions in this case until the day before the deadline despite a ten-month period during which to conduct discovery. Plaintiff knew of the witnesses and that they had relevant knowledge because she listed them in her own disclosures beginning several months prior to the close of discovery.   Moreover, Plaintiff originally had scheduled the depositions of three of the witnesses to take place on June 5, 2014, the day before the close of discovery, but cancelled two depositions the day before and was unable to depose a third witness because Plaintiff failed to properly effectuate service and that witness opted not to attend the deposition.   Accordingly, the Court, exercising its broad discretion, finds that sanctions are not warranted in this case.

Finally, Plaintiff seeks as alternative relief an extension of the discovery deadline.   The Eleventh Circuit has determined that a court does not abuse its discretion by denying a motion for extension of the discovery period where the parties had ample time and opportunity to conduct discovery, yet failed to diligently do so. *See Barfield v. Barton*, 883 F.2d 923, 932 (11th Cir. 1989).   Accordingly, the Court will not extend the discovery deadline where, as here, Plaintiff failed to diligently pursue discovery until the eve of the deadline, particularly when the identities of the witnesses whose declarations are now at issue were known to Plaintiff well in advance of the discovery deadline.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Opposed Motion for Sanctions and Incorporated Memorandum of Law, or, in the Alternative, Motion to Allow Plaintiff to Conduct Additional Discovery (Doc. 34) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of August, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record